Filed 1/30/25  P. v. Nolasco CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100863 |
| Plaintiff and Respondent, | (Super. Ct. No. 98F00851) |
| v. | |
| ESTALIN NOLASCO, | |
| Defendant and Appellant. | |

Defendant Estalin Nolasco appeals the trial court's denial of his petition for a *Franklin*[1] hearing seeking an evidence preservation proceeding.  His appellate counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 and asks that we exercise our discretion to review the record for arguable issues on appeal.

This court notified defendant he had 30 days to file a supplemental brief. Defendant filed a supplemental brief identifying *People v. Briscoe* (2024) 105 Cal.App.5th 479 (*Briscoe*) and asks this court to allow him "to continue with [his]

---

[1]  *People v. Franklin* (2016) 63 Cal.4th 261.

*Franklin* appeal" in light of that case.  Having considered defendant's supplemental brief in accordance with *People v. Delgadillo, supra*, 14 Cal.5th 216, we affirm.

BACKGROUND

The amended complaint deemed an information charged defendant with murder. (Pen. Code, § 187, subd. (a).)[2]  It further alleged defendant discharged a firearm causing great bodily injury and committed the murder while he was released from custody on a prior pending offense.  (§§ 12022.53, subds. (b),(c), & (d), 12022.1, subd. (b).)  Finally, the information alleged the special circumstance that defendant committed the murder while he was engaged in the commission of an attempted robbery.  (§ 190.2, subd. (a)(17).)

The essential facts of the case are set forth in *People v. Nolasco* (March 18, 2002, C033556 [nonpub. opn.].)[3]  "On January 22, 1998, around 7:16 p.m., defendant fired six to eight gunshots into [the victim], killing him while he sat in his car in front of defendant's house.  Defendant then drove the car away from the scene and crashed it into a tree."  (*Ibid.*)  Defendant told his girlfriend, "he was trying to 'jack,' i.e., rob [the victim] because defendant needed money for his lawyer."  (*Ibid.*)  At trial, defendant "admitted killing [the victim], but claimed he did so in self-defense when [the victim] pulled a gun on him" during a drug deal that went wrong.  (*Ibid.*)

In 1999, the jury found defendant guilty of first degree murder and found the enhancements and special circumstances true.  The trial court sentenced defendant to life without the possibility of parole for the murder plus a consecutive 25 years to life for the firearm enhancement and an additional two years for the on-bail enhancement.

---

[2]  Further undesignated statutory references are to the Penal Code.

[3]  On the court's own motion, we incorporate by reference our unpublished opinion in defendant's prior appeal.  (*People v. Nolasco* (Apr. 16, 2018, C077702) [nonpub. opn.].)

2

Defendant appealed his original conviction and a different panel of this court affirmed. (*People v. Nolasco, supra*, C033556.)

In 2023, defendant filed a petition asking for a *Franklin* hearing to preserve mitigating evidence tied to his youth under the authority of *People v. Hardin* (2022) 84 Cal.App.5th 273, revd. (2024) 15 Cal.5th 834 (*Hardin I*). At the time, *Hardin I* allowed youth offenders who were sentenced to life without the possibility of parole to preserve evidence that may be used for a later youth offender parole hearing as allowed under section 3051. (*Hardin I* at p. 291.) Following the appointment of counsel and setting of a hearing, the California Supreme Court reversed *Hardin I* in *People v. Hardin* (2024) 15 Cal.5th 834 (*Hardin II*).

Without prior notice to defendant or a hearing, the trial court issued an order stating, "On March 4, 2024, the California Supreme Court reversed *Hardin* [*I*]. The Supreme Court found no equal protection violation in the treatment of youthful offenders sentenced to LWOP after reaching the age of 18. The Court found that the defendant in *Hardin* [*II*] was not eligible for a *Franklin* hearing. Following the ruling in *Hardin* [*II*], this Court no longer has the authority to hold a *Franklin* hearing for a youthful offender sentenced to LWOP." The trial court vacated the prior order granting a hearing and denied the request for a hearing.

Defendant timely appealed.

DISCUSSION

Where, as here, the defendant has been notified that his appeal may be dismissed pursuant to *Delgadillo* and he files a supplemental brief raising issues he wants considered, we evaluate the issues presented but need not independently review the record. (*People v. Delgadillo, supra*, 14 Cal.5th at pp. 228-232.)

In his supplemental brief, defendant identifies *Briscoe* as a case that may allow him to continue with his *Franklin* appeal and asks us to examine that issue. We do, but as we explain below, that case does not assist defendant.

3

"[S]ection 3051 grants certain youth offenders convicted of a controlling offense committed before the age of 26 an opportunity to seek parole. The statute excludes those sentenced to life without parole who were over 18 when they offended. (§ 3051, subd. (h).)" (*Briscoe, supra*, 105 Cal.App.5th at p. 484.) The purpose of a *Franklin* hearing is to allow a defendant to timely preserve information on the record regarding the juvenile offender's characteristics and circumstances at the time of the offense so that it will be available at that subsequent youth offender parole hearing. (*In re Cook* (2019) 7 Cal.5th 439, 446.) So, as acknowledged by defendant in his motion, his entitlement to a *Franklin* hearing depends on his entitlement to a youth offender parole hearing under section 3051. He is not so entitled.

In *Hardin I*, the appellate court concluded section 3051 violated equal protection because it (1) allowed youthful offenders who were not sentenced to life without parole to seek youthful parole but (2) did not allow those who were sentenced to life without parole from seeking that relief. (*Hardin I, supra*, 84 Cal.App.5th at p. 291.)

In *Hardin II*, our Supreme Court reversed *Hardin I* and held that the defendant had failed to demonstrate that "section 3051's exclusion of young adult offenders sentenced to life without parole is constitutionally invalid under a rational basis standard, either on its face or as applied to [the defendant] and other individuals who are serving life without parole sentences for special circumstance murder. Under California law, special circumstance murder is a uniquely serious offense, punishable only by death or life without possibility of parole. When it was considering whether to expand the youth offender parole system to include not only juvenile offenders but also certain young adults, the Legislature could rationally balance the seriousness of the offender's crimes against the capacity of all young adults for growth, and determine that young adults who have committed certain very serious crimes should remain ineligible for release from prison. [The defendant] has not demonstrated that the Legislature acted irrationally in declining to grant the possibility of parole to young adult offenders convicted of special

4

circumstance murder, even as it has granted youth offender hearings to young adults convicted of other offenses." (*Hardin II, supra*, 15 Cal.5th at p. 839.)

Defendant points to *Briscoe*, which the First District issued after *Hardin II*. In *Briscoe*, the appellate court concluded that *Hardin II's* holding did not apply to an as-applied challenge for the murder conviction of a defendant who was not the actual killer, but who received a life without parole sentence pursuant to section 190.2, subdivision (d). (*Briscoe, supra*, 105 Cal.App.5th at p. 494.) Under section 189, subdivision (e)(3), an accomplice to a felony murder is guilty of murder if he was "a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2." Under section 190.2, subdivision (d), the jury may find the special circumstance true (leading to the life without parole sentence) for a person who is not the actual killer but that "with reckless indifference to human life and as a major participant, aids, abets, counsels, commands, induces, solicits, requests, or assists in the commission of" one of the felonies enumerated in section 190.2, subdivision (a). The *Briscoe* court concluded section 190.2, subdivision (d) "describes the exact same circumstances and conduct that is now necessary to support a conviction for first degree felony murder under section 189, subdivision (e)(3). The disparate treatment of offenders who committed murder per these identical provisions during the same underlying felonies cannot reflect any difference in culpability." (*Briscoe*, at p. 492.) As a result, excluding accomplices who did not actually kill the victim from youth offender parole hearings because they have a 190.2 special circumstance finding, while allowing defendants who have a conviction solely under section 189, subdivision (e)(3) to seek that relief, violates equal protection on an as applied basis. (*Briscoe*, at p. 494.)

The *Briscoe* court acknowledged, however, that a felony-murder conviction and special circumstances felony-murder conviction for the actual killer presented a different question of culpability. "The felony-murder offense 'is established merely upon a showing that the defendant killed during the commission or attempted commission of the

felony.' [Citation.] With respect to the felony-murder special circumstance, courts have fashioned the independent felonious purpose rule so that the special circumstance 'applies "when the murder occurs during the commission of the felony, not when the felony occurs during the commission of a murder." ' [Citation.] In other words, '[i]f the defendant committed the felony for the sole purpose of effectuating the killing,' the special circumstance does not apply." (*Briscoe, supra*, 105 Cal.App.5th at pp. 494-495.)

Here, *Briscoe* does not apply because defendant was the actual killer with a special circumstances finding and not an accomplice. As held in *Hardin II,* and acknowledged in *Briscoe,* the exclusion of the actual killer with this special circumstance finding from youth offender parole hearings reflects the legislature's rational determination that this special circumstances felony murder is more blameworthy than a simple felony murder. (*Hardin II, supra*, 15 Cal.5th at p. 859, *Briscoe, supra*, 105 Cal.App.5th at p. 494.) Therefore, the legislature can rationally treat defendants who are actual killers differently without running afoul of the equal protection clause. (*Hardin II, supra*, 15 Cal.5th at p. 859.) *Briscoe*'s holding and logic is limited to defendants who are not the actual killer and thus has no application to defendant.

## DISPOSITION

The trial court's order denying defendant's request for a *Franklin* hearing is affirmed.

/s/                   
MESIWALA, J.

We concur:

/s/                
EARL, P. J.

/s/                
WISEMAN, J.[*]

---

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.